UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ALFA CORPORATION,** an Alabama corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>**ALFA MORTGAGE CORPORATION,** an Indiana company,<br><br>  Defendant. | CIVIL ACTION NO.<br>2:06-CV-962-WKW-WC |

**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Alfa Corporation ("Alfa") is a publicly traded corporation, trading under the symbol ALFA, and based in Montgomery, Alabama. Alfa has used the name ALFA since 1987. Alfa owns various federal trademarks using the name ALFA, including for a variety of insurance and financial services. On the non-insurance side, among other things, Alfa and its related companies offer a variety of loan products, including real estate loans, as well as construction and residential development services.

Defendant Alfa Mortgage Corporation ("Alfa Mortgage") is an Indiana corporation, that offers residential, commercial and construction loans under the name ALFA, and a junior (by more than 15 years) user of the name of Alfa. Over Alfa's objections, Alfa Mortgage has used, and continues to use, the mark ALFA in commerce in the United States; thus, necessitating the filing of this trademark infringement action.

Alfa Mortgage's motion to dismiss for lack of personal jurisdiction lacks merit, because Alfa Mortgage is subject to personal jurisdiction in Alabama under the "effects" test. Because Alfa is located in Alabama, that is where the effects of the defendants' infringement are most strongly felt, and that is a sufficient basis, alone, to confer jurisdiction over Alfa Mortgage here. Despite the statements made in its motion to dismiss, Alfa Mortgage has been aware of Alfa's existence, because Alfa Mortgage's President was deposed in July of 2006 as part of a trademark infringement action brought by Alfa against other parties using the ALFA mark in connection with financial services. After that deposition, Alfa's counsel also sent a cease and desist letter to Alfa Mortgage's President. However, Alfa Mortgage and its President ignored that letter and continued to use the ALFA name in commerce.

Accordingly, under the effects test, Alfa Mortgage is deemed to have "directed" its infringing activity at Alabama, and there is jurisdiction over Alfa Mortgage in Alabama. In sum, Alfa Mortgage's motion to dismiss should be denied and this case should proceed on the merits.

**FACTUAL BACKGROUND**

In the context of a motion to dismiss in which no evidentiary hearing is held, a plaintiff need establish only a prima-facie case of jurisdiction. *See, Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990). "The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Id.* at 1514. Here, Alfa Mortgage has not disputed the following basic facts set forth in the Complaint, and thus they are admitted as true for purposes of this motion.

Plaintiff Alfa Corporation is a corporation organized under the laws of the State of Delaware and maintaining its principal place of business in Montgomery, Alabama. *See* Complaint, ¶ 4. Alfa is a financial services company that traces its roots to the mid-1940's in Alabama. *Id.*, ¶ 5. Today, Alfa is a financial services conglomerate, operating through a number

of wholly owned subsidiaries, divisions, and related companies (collectively, "Alfa"). *Id.*, ¶ 8. Alfa is a publicly traded company and is listed on NASDAQ under the symbol ALFA. *Id.*, ¶ 9. The Alfa website is www.alfains.com.

The lines of business of Alfa include insurance and reinsurance services, conducted through Alfa Insurance Corp., Alfa Life Insurance Corp., Alfa General Insurance Corp., Alfa Mutual General Insurance Company, Alfa Mutual Insurance Company, Alfa Mutual Fire Insurance Company, Alfa Specialty Insurance Corp., and other related companies. *Id.*, ¶ 10.

Alfa and its related companies hold state insurance and/or reinsurance licenses in the states of Virginia, Alabama, Florida, Georgia, Michigan, New York, Pennsylvania, South Carolina, Ohio, Connecticut, Wisconsin, Indiana, Massachusetts, North Carolina, Louisiana, Mississippi, Arkansas, Missouri, Tennessee, Texas, Washington, New Mexico, Wyoming and Oklahoma, among others. *Id.*, ¶ 11.

Alfa is a thrift holding company qualified with the U.S. Office of Thrift Supervision and is a significant shareholder in a financial services company that has a wholly-owned bank. Alfa and certain of its subsidiaries also hold state banking licenses. *Id.*, ¶ 12.

Alfa also is engaged in providing a variety of other financial services including offering equity lines of credit on residential real estate and other mortgage services (through Alfa Financial Corp.); commercial leasing services (through OFC Capital, a division of Alfa Financial Corp., doing business in all 50 states); benefits services (through Alfa Benefits Corp.); and realty and building services (through Alfa Realty, Inc., Alfa Properties, Inc., and Alfa Builders, Inc.), among other things. *Id.*, ¶ 13. Alfa has steadily expanded, and is continuing to expand, the breadth and scope of its financial services. These services are within the natural zones of expansion for Alfa. *Id.*, ¶ 14.

Alfa and its related companies have since 1987 done business under the name "ALFA," including Alfa Corporation, Alfa Insurance Corp., Alfa Life Insurance Corp., Alfa Mutual General Insurance Company, Alfa Mutual Insurance Company, Alfa Virginia Mutual Insurance Company, Alfa Mutual Fire Insurance Company, Alfa General Insurance Corp., Alfa Specialty Insurance Corp., Alfa Financial Corp., Alfa Vision Insurance, Alfa Realty, Inc., Alfa Benefits Corp., Alfa Properties, Inc., Alfa Ventures II, L.L.C., Alfa Builders, Inc. and Alfa Investors.  By virtue of the foregoing uses, Alfa has acquired common law trademark rights throughout the United States, including but not limited to in the State of Alabama.  *Id.*, ¶ 15.

Alfa is the holder of various federally registered trademarks with the United States Patent & Trademark Office incorporating the word ALFA, including these ones:  ALFA INSURANCE (Registration No. 2671861), ALFA INSURANCE & design (No. 2088673), ALFA HEALTH (No. 2697512), ALFA REALTY (No. 2677418), ALFA BUILDERS (No. 2692690), and ALFA REALTY & design (No. 2671857), registered in various classes, including insurance.  Alfa also is the holder of various ALFA trademark registrations, including in the insurance classes, in the State of Alabama.  Alfa also has a number of trademark applications pending with the United States Patent & Trademark Office, including CALL ALFA, MY ALFA, CALL ALFA (stylized), ALFA INSURANCE, ALFA COMPANIES, ALFA CORPORATION, and ALFA FINANCIAL, which seek registration in various classes, including mortgage and lending services.  *Id.*, ¶ 17.

Over the years, Alfa and its related companies have invested millions of dollars in the advertisement and promotion of goods and services sold under the "ALFA" trademarks, helping to generate billions of dollars in sales under those marks.  As a result, the "ALFA" trademark has become a distinctive identifier of goods and services provided by Alfa Corp, and a symbol of consumer goodwill whose value to Alfa Corp. is incalculable.  *Id.*, ¶ 18.

Defendant Alfa Mortgage is a corporation, with its principal place of business located in Indianapolis, Indiana. Alfa Mortgage operates the following website: www.alfamtg.com. The website states that Alfa Mortgage offers commercial, residential and construction mortgages and loans and related services. The website is interactive, because a person seeking a loan can apply through the website, which contains a link for applications. *See* Complaint ¶¶ 5-6, and 19-22; Declaration of Juan C. Basombrio, Esq. (hereafter, "Basombrio Dec.") at Exhibit 1 (excerpts of the Alfa Mortgage website).

Alfa learned of Alfa Mortgage in connection with prior litigation. Alfa had brought a trademark action against a Russian financial institution using the name ALFA. In connection with that action, on July 31, 2006, the deposition was taken of Alfa Mortgage's President, Corina Shelton. Basombrio Dec. at Exhibit 2 (Transcript of deposition of Corina Shelton). After that deposition, Alfa's counsel indicated to Ms. Shelton that Alfa was a corporation in Alabama, was the owner of various federally registered trademarks under the name ALFA, and objected to the use by Alfa Mortgage of the name ALFA. Alfa's counsel further noted to Ms. Shelton that he would be contacting her about the foregoing. Attached as Exhibit 3 to the Basombrio Dec. (and to the Complaint as Exhibit 1) is a copy of a letter that Alfa's counsel then sent, on August 22, 2006, to Alfa Mortgage to the attention of Ms. Shelton. The letter advised Alfa Mortgage of Alfa's objection to the use of the ALFA name by Alfa Mortgage, demanded that Alfa Mortgage cease and desist from such use, and noted that Alfa would be willing to provide Alfa Mortgage with a reasonable time to cease such use. Alfa Mortgage and its President never responded to the letter. Basombrio Dec., ¶ 3.

Despite Alfa's demands, Alfa Mortgage has continued to use the ALFA name, necessitating the filing of this lawsuit.

**ARGUMENT**

A. **ALFA MORTGAGE IS SUBJECT TO THE JURISDICTION OF THIS COURT BECAUSE IT COMMITTED A TORT THAT WAS TARGETED TO HAVE AN EFFECT WITHIN ALABAMA.**

In interpreting the reach of the state's long-arm statute, the Supreme Court of Alabama has extended the jurisdiction of Alabama courts to the extent permissible under the Due Process Clause of the Fourteenth Amendment. *See, Alabama Waterproofing Co., Inc. v. Hanby*, 431 So. 2d 141, 145 (Ala.1983). Thus, in order to determine whether personal jurisdiction is proper pursuant to state law, the Court need only consider whether the exercise of personal jurisdiction satisfies the requirements of due process. *See, Olivier v. Merritt Dredging Co., Inc.*, 979 F.2d 827, 830 (11th Cir. 1992).

Due process requires that the defendant have "certain minimum contacts" with the forum state, and that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The "minimum contacts" prong of this test puts a defendant on notice that it should reasonably anticipate being sued in a state as a result of these contacts. *See, World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

It is well established that the commission of an intentional tort, like the trademark infringement at issue in this case, creates a reasonable anticipation of being sued in the state where the victim resides: "When the [tortious] conduct is intentional and is directed at a victim in another state, the defendant may be held to have expected its conduct to have an effect in that state, and further to have expected that the victim will bring suit for redress there." *Coblentz GMC/Freightliner, Inc. v. General Motors Corp.*, 724 F. Supp. 1364, 1368 (M.D. Ala. 1989). So long as the defendant's actions are "purposefully directed" at the forum state, the absence of physical contacts by the defendant with that state are irrelevant. *Id.* at 1370 note 9. That Alfa

6

Mortgage may not have offices or conduct business at this time in Alabama is of no consequence under the effects test.

Under the applicable case law, Alfa Mortgage's continued use of the ALFA name, while disregarding Alfa's oral and written objections to Alfa Mortgage, constitutes infringing activity aimed at Alfa's home state of Alabama. Alfa gave Alfa Mortgage notice of such injury by demanding that it cease and desist use of the name ALFA. *See* Complaint at ¶ 23 and Exhibit 1. Alfa Mortgage willfully ignored this notice and refused to even respond to it. *See* Basombrio Dec., ¶ 4. Alfa Mortgage's decision to infringe Alfa's well-known trademark despite this warning resulted in injury to Alfa in the State of Alabama. *See, e.g.*, *Nida v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000) ("[I]njury from trademark infringement occurs in the state where the trademark owner resides.").

Under such circumstances, it is settled law that Alfa Mortgage will be deemed to have sufficient contacts with this forum to justify personal jurisdiction consistent with the "effects" test and exercise of Due Process. *See, e.g.*, *Bird v. Parsons*, 289 F.3d 865, 876 (6th Cir. 2002) (violations of federal trademark law against forum residents subject defendant to jurisdiction in the forum); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321-22 (9th Cir. 1998) (same); *Indianapolis Colts v. Metro. Baltimore Football Club*, 34 F.3d 410, 411-12 (7th Cir. 1994) (same); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1391 (8th Cir. 1991) (same); *accord Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201-02 (7th Cir. 1997) (holding that a court may exercise personal jurisdiction over a defendant who causes an injury to a resident of the forum even if the defendant did not physically enter the forum); *Bunn-O-Matic Corp. v. Bunn Coffee Serv. Inc.*, 46 U.S.P.Q.2d 1375, 1377 (C.D. Ill. 1998) (same).

As Alfa Mortgage is aware, this Court addressed this precise issue just last year, confirming in this District the applicability of the effects test in trademark infringement actions, and rejecting the same arguments that Alfa Mortgage now makes. In *Alfa Corp. v. Alfagres, S.A.*, 385 F. Supp. 2d 1230 (M.D. Ala. 2005), this Court held that allegations that an out-of-state defendant committed trademark infringement against an Alabama resident, such as Alfa, are sufficient to establish a prima facie case of personal jurisdiction. *Id.* at 1235-36. Specifically, this Court ruled that Alfa had established a prima facie case of jurisdiction based on its assertion that out-of-state defendant Alfagres, S.A. ("Alfagres") had continued to use the name ALFA notwithstanding Alfa's demand that it stop. *Id.* at 1236. The Court held that because Alfagres "*could anticipate* that the primary effects of its wrongful conduct would be felt in Alabama, [it] could reasonably have expected that [Alfa] would bring suit here, even given [the defendant's] lack of other contacts with Alabama." *Id.* (emphasis added) (citing *Calder v. Jones*, 465 U.S. 783, 790 (1984) ("An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California.")). Thus, under the *Alfagres* decision, Alfa Mortgage's motion should be denied.

Faced with this direct and on-point precedent, Alfa Mortgage attempts to, but cannot, distinguish that case factually. Like Alfa Mortgage, Alfagres received a cease-and-desist letter from Alfa, demanding that it cease using the ALFA name. *See Alfa Corp.*, 385 F. Supp.2d at 1236; Complaint at ¶ 23 and Exhibit 1. In its opposition, Alfa Mortgage tries to create a factual distinction by noting that the letter it received was from an attorney in California and did not mention the State of Alabama. *See* Def. Br. at 12. That argument is not persuasive.

Alfa first learned of Alfa Mortgage in connection with prior litigation. Alfa had brought a trademark action against a Russian financial institution using the name ALFA. In connection

8

with that action, on July 31, 2006, the deposition was taken of Alfa Mortgage's President, Corina Shelton. Basombrio Dec. at Exhibit 2. After that deposition, Alfa's counsel indicated to Ms. Shelton that Alfa was a corporation in Alabama, was the owner of various federally registered trademarks under the name ALFA, and objected to the use by Alfa Mortgage of the name ALFA. Alfa's counsel further noted to Ms. Shelton that he would be contacting her about the foregoing. Attached as Exhibit 3 to the Basombrio Dec. is a copy of a letter that Alfa's counsel then sent, on August 22, 2006, to Ms. Shelton. The letter advised Alfa Mortgage of Alfa's objection to the use of the ALFA name by Alfa Mortgage, demanded that Alfa Mortgage cease and desist from such use, and noted that Alfa would be willing to provide Alfa Mortgage with a reasonable time to cease such use. Alfa Mortgage and its President never responded to the letter. *Id.*, ¶ 3.

In her declaration submitted in support of the motion to dismiss, Ms. Shelton has a slightly different recollection – she admits to having had a conversation with Alfa's counsel after her deposition but states that he did not mention that Alfa was in Alabama. Notwithstanding Ms. Shelton's recollection, Alfa's counsel's letter states that Alfa is the owner of various trademarks and applications filed with the United States Patent & Trademark Office ("USPTO"), including ALFA CORPORATION, ALFA INSURANCE, ALFA FINANCIAL and ALFA REALTY, and a search of the foregoing trademarks would have easily disclosed the existence of Alfa, the fact that it is based in Alabama, and the extent of its federally registered trademarks. Even a basic search of the USPTO website, without more, discloses such information. Attached as Exhibit 4 to the Basombrio Dec. are excerpts of such a search on the USPTO site. Even a basic Internet search identifies Alfa and its site, www.alfains.com, which states that Alfa is based in Alabama, provides sufficient information about Alfa's lines of business and notes that its trademark is registered. Attached as Exhibit 5 to the Basombrio Dec. are excerpts of such an Internet search.

Alfa Mortgage's other attempt to distinguish this controlling precedent is just as futile. Alfa Mortgage notes that, unlike Alfagres, it had not applied for a federal trademark for the ALFA name and thus did not have an application rejected as a result of Alfa's senior trademarks. *See* Def. Br. at 11.  Alfa Mortgage does not explain how this claimed distinction changes the operative fact:  Alfa Mortgage, like Alfagres before it, was on notice of Alfa's demand that it cease using the ALFA mark.  Its continued use of that mark after being put on such notice subjected Alfa Mortgage to personal jurisdiction in the forum where it was committing its harm – at Alfa's headquarters in Alabama.  *See Alfa Corp.*, 385 F. Supp. 2d at 1235.

In sum, the core of Alfa Mortgage's argument that it should escape jurisdiction in this forum is its contention that it was not aware that Alfa is located in Alabama when it was put on notice by Alfa of Alfa Mortgage's violation of Alfa's trademark rights.  *See* Def. Br. at 11-12. The relevant query, however, is not whether Alfa Mortgage *actually* knew that Alfa is located in Alabama, but rather whether it should have known the location of Alfa's injury.  *See, e.g.*, *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 200-01 (5th Cir. 1980); *Pollution Prevention Servs., Inc. v. Inter Recycling, Inc.*, No. 96-54-CIV-T-17A, 1996 WL 378990, at *4 (M.D. Fla. July 1, 1996). Alfa Mortgage does not, and cannot, dispute that even the most cursory of investigations would reveal that Alfa is headquartered in Alabama and that a significant percentage of its business is located in this state.  Yet, Alfa Mortgage claims that it did not know – and apparently made no effort to learn – this most basic fact about Alfa despite the fact that Alfa Mortgage was accused of trademark infringement by Alfa, both orally at the deposition and later in writing.  Any reasonable party in Alfa Mortgage's position would have reasonably anticipated being haled into court in this forum.  *See, e.g.*, *Alfa Corp.*, 385 F. Supp. 2d at 1235 (citing *SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997)).

10

Indeed, Alfa Mortgage's claim that it was not aware that Alfa is located in Alabama until it received the complaint in this action therefore represents a deliberate and willful ignorance on its part and cannot defeat the exercise of personal jurisdiction. *See, e.g.*, *Clune v. Alimak AB*, 233 F.3d 538, 544 (8th Cir. 2000) (finding personal jurisdiction where the defendant's claimed ignorance defied reason) (quoting *Barone v. Rich Bros. Interstate Display Fireworks Co.*, 25 F.3d 610, 613 (8th Cir. 1994)). During her deposition, Ms. Shelton stated that she did not remember whether she conducted a national trademark search prior to deciding to use the name Alfa. Basombrio Dec., Exhibit 2 at page 42. By apparently failing to perform even such a basic investigation, Alfa Mortgage demonstrated its disregard for Alfa's trademark rights. It should not be permitted to use that disregard for Alfa's rights as a means for evading Alfa's attempt to protect those rights in the forum in which it has been injured.

Alfa Mortgage also appears to claim that it is not subject to jurisdiction in this forum simply because it received a cease and desist letter from Alfa's lawyers. *See* Def. Br. at 12. Alfa Mortgage is mischaracterizing Alfa's position and the relevant law. Alfa Mortgage is not subject to jurisdiction only because it received a cease and desist letter from Alfa but because it knowingly committed the intentional tort of trademark infringement and thus deliberately harmed Alfa, a resident of Alabama, in Alabama. Furthermore, the cases that Alfa Mortgage cites do not stand for the proposition it claims and do not address the scenario here. Rather, those cases state that *sending* a cease and desist letter does not subject a party to personal jurisdiction. *See Yahoo, Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1208 (9th Cir. 2006); *Red Wing Shoe Co. v. hockerson-halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998). Here, in contrast, Alfa Mortgage *received* notification via a cease and desist letter yet continued its tortious activities.

Finally, Alfa Mortgage has directed activity to Alabama through its interactive website. Interactive sites are sufficient to establish personal jurisdiction over a defendant, as discussed in the seminal case of Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997). *See also* Butler v. Beer Across America, 83 F.Supp.2d 1261 (N.D.Ala. 2000) (discussing Zippo jurisdictional rationale). Alfa Mortgage's website is interactive because an Internet user can apply for a loan on the website. The website is not merely a passive website that provides information. *See* Basombrio Dec. at Exhibit 1 (website excerpts showing link for loan applications), and Exhibit 2 (Shelton deposition transcript at page 25, stating that over 50 persons have applied through the website already). For example, it is undisputable that the Alfa Mortgage website would allow an Alabama resident to apply for a mortgage for real property that person owns in Indiana. There is nothing in the site that states that an Alabama resident -- owning property in any of the States which Alfa Mortgage claims in its website to service (Florida, Indiana, Illinois, Minnesota, Oregon and soon California) – could not apply for such a mortgage through the Alfa Mortgage website. That renders the website interactive, and because an Alabama resident can apply for a loan, the website on its face is directed to the State of Alabama.

For the above reasons, Alfa Mortgage's decision to continue to use the ALFA mark after Alfa protested that use establishes the minimum contacts necessary to subject Alfa Mortgage to personal jurisdiction in this forum because that is where the alleged harm has occurred. *See, e.g.*, *Alfa Corp.*, 385 F. Supp. 2d at 1236.

**B.    THE EXERCISE OF JURISDICTION IS REASONABLE.**

As this court has previously noted,

> [I]n the typical intentional tort case, it is both fair and just to allow the victim of an alleged tort to call the tortfeasor to account in the victim's home forum. A contrary result would force injured parties

12

> to go to the alleged tortfeasor for redress even though, taking the victim's position as justified at the institution of suit, the tortfeasor has knowingly brought about the situation through its actions.

*Coblentz*, 724 F. Supp. at 1371. Therefore, given that Alfa has alleged intentional trademark infringement, Alfa Mortgage "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Alfa Mortgage cannot present such a case.

Under the effects test, Alfa Mortgage should have reasonably anticipated being subjected to jurisdiction in Alabama. When Alfa sent a cease and desist letter to Alfa Mortgage and spoke with its president at her deposition, Alfa Mortgage should have reasonably anticipated that it was causing injury in Alabama, the home state of Alfa. Alfa Mortgage chose to turn a blind eye but, in doing so, it cannot escape jurisdiction in this forum.

Alfa Mortgage's sole argument for why this Court's exercise of jurisdiction would be unreasonable is the "disparity in resources" between Alfa and Alfa Mortgage. *See* Def. Br. at 9. Alfa Mortgage claims that the distance between its places of business and the financial costs of litigation in Alabama create an insurmountable inconvenience for it. *See id.* at 9.[1] The Eleventh Circuit has held, however, that "it is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir. 1997). Furthermore, "[m]odern means of communication and transportation have lessened the burden of defending a lawsuit in a distant forum." *Id.* at 947-48 (quoting *In re Chase & Sanborn*, 835 F.2d 1341, 1346 (11th Cir. 1988)). The burden for Alfa Mortgage in defending itself in this forum is no greater than it would be for any out-of-state defendant. *See Nida Corp.*, 118 F. Supp. 2d at 1232-33.

---

[1] Alfa Mortgage claims that it only does business in Oregon and Indiana and is registered to conduct business in California. However, its website also reveals that it does business in Illinois, Minnesota, and Florida. *See* Basombrio Dec., Exh. 1.

13

## **CONCLUSION**

For the reasons stated above, the Court should deny Alfa Mortgage's motion to dismiss.

Dated January 3, 2007.

        s/Robert A. Huffaker
        Rushton, Stakely, Johnston & Garrett, P.A.
        Post Office Box 270
        Montgomery, Alabama  36101-0270
        Telephone:  (334) 206-3100
        Facsimile:   (334) 262-6277
        E-Mail: rah@rsjg.com
        Bar Number: ASB-7668-U79R

        Juan C. Basombrio
        Dorsey & Whitney LLP
        38 Technology Drive
        Irvine, California  92618
        Telephone:  (949) 932-3600
        Facsimile:  (949) 932-3601
        E-Mail: Basombrio.Juan@dorsey.com
        Bar Number: California State Bar No.150703

        Attorneys for Plaintiff
        ALFA CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

    Brannon J. Buck
    Bryan A. Coleman
    Maynard, Cooper & Gale, P.C.
    Suite 2400 AmSouth/Harbert Plaza
    1901 Sixth Avenue North
    Birmingham, Alabama 35203

        s/Robert A. Huffaker
        Of Counsel